## J. O. TOOLE v. D. E. RENFRO.

Decided December 5, 1908.

**Limitation—Cotenants—Adverse Holding—Notice.**

When the deed to a purchaser of land from one of several cotenants particularly describes and designates the land purchased, such deed and his possession of that particular tract, is sufficient notice to the other cotenants that such purchaser is holding the portion claimed by him adversely to them, and so set the statute of limitation in motion.

Appeal from the District Court of Sabine County. Tried below before Hon. W. B. Powell.

*Davis & Davis* and *Davis & Davis,* for appellant.

No brief for appellee.

PLEASANTS, CHIEF JUSTICE.—This is a companion appeal to that of Davidson v. Renfro this day decided, and the questions here presented are identical with those discussed and decided in the opinion in the case mentioned, except the question of limitation which was not presented in the Davidson case. (Post, 483.)

We refer to the case mentioned for a general statement of the nature of the suit. The appellant disclaimed as to all of the land sued for except a tract of 134 acres as to which he pleaded not guilty and also pleaded title under the three, five and ten years statute of limitation.

We think the evidence clearly raises the issue of title in appellant under his plea of limitation of ten years, and the trial court erred in refusing to submit that issue to the jury. Appellant claims under a conveyance from the heirs of Mrs. M. A. Morris, and there is evidence that he and his vendors have been in actual possession of the land claimed by him since 1894 and that his possession and use of the land has been continuous and of such adverse character as is required to support the claim of title by limitation. This suit was filed in April, 1905. The land claimed by appellant was surveyed in 1893 or 1894 and the boundaries of his claim have been marked and designated since said survey.

The trial court held that limitation could not be available to appellant because he was claiming under the heirs of Mrs. Morris, who, if they had any title, were tenants in common with appellee in the larger tract of which the land claimed by him was a part, and he could not hold adversely to his cotenant without giving him notice that he was so holding.

This contention can not be sustained. Appellant was holding under a deed to a designated, specific portion of the land, and his deed and possession was notice to his cotenants of the larger tract that he was holding the portion claimed by him adversely to them.

We refer to our opinion in the case of Davidson v. Renfro, before mentioned, for our conclusions upon the other questions presented by this appeal.

Because of the error in refusing to submit the issue of limitation, the judgment of the court below is reversed and the cause remanded.

*Reversed and remanded.*